**IN THE UNITED STATES DISTRIC COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PRESTON J. BLAKE,

      Plaintiff,

v.                                                No. 25-cv-113 JCH/JMR

NEW MEXICO CORRECTIONS
DEPARTMENT, *et al.*,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Preston J. Blake's Amended Prisoner's Civil Rights Complaint, (Doc. 5).  Plaintiff is incarcerated, proceeding *pro se* and *in forma pauperis*, and he paid the required initial partial filing fee on December 3, 2025.  (Doc. 25).  Also before the Court are thirteen motions filed by Plaintiff requesting, *inter alia*, relief relating to the filing fee, discovery and depositions, appointment of counsel, injunctive relief, and to add claims and Defendants.  *See* (Docs. 19, 20, 21, 22, 23, 24, 27, 30, 32, 33, 38, 39, and 41).  Having reviewed Plaintiff's claims and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss Plaintiff's claims without prejudice and grant him leave to file a second amended complaint, as set forth below.

**I.     Pending Motions**

On August 12, 2025, the Court granted Plaintiff's Motions to Proceed In Forma Pauperis (Docs. 2 and 6), and assessed an initial partial filing fee of $13.95 based on his submitted financial statement.  (Doc. 15).  The Court granted Plaintiff an extension to make the partial payment, and

on December 3, 2025, Plaintiff paid the initial filing fee. *See* (Docs. 17 and 25). Prior to paying the initial filing fee, Plaintiff filed multiple motions asking the Court to reconsider the fee assessment and further extend the payment deadline. *See* (Docs. 19, 20, 22, 38, and 41). Because Plaintiff has paid the initial filing fee, the Court denies these motions are moot to the extent they seek relief relating to payment of the initial fee.

Plaintiff also filed several motions seeking discovery and depositions, appointment of counsel, injunctive relief, and to add claims and Defendants. *See* (Docs. 21, 23, 24, 27, 30, 32, 33, and 39). As to Plaintiff's requests for appointment of counsel, "[c]ourts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). This decision is a matter of discretion. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis. The claims pertain to Plaintiff's conditions of confinement and are not especially complex. Plaintiff's filings also reflect he is able to prosecute this action on a *pro se* basis. The requests to appoint counsel will therefore be denied without prejudice.

As to Plaintiff's requests for discovery and depositions, those requests are premature. Plaintiff's Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to dismiss the claims *sua sponte* if Plaintiff fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. Requests for discovery and depositions are

2

premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213-214 (2007).

The Court also denies Plaintiff's requests for a preliminary injunction or protective order. Plaintiff appears to seek a preliminary injunction or protective order relating to his placement in the Mental Health Treatment Center, access to legal materials, retaliation, and confiscation of property. *See, e.g.,* (Docs. 24, 27, and 33). To obtain an injunction, a movant must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party; and (4) the injunction is not adverse to the public interest. *See Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). A federal court considering preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). "[B]ecause the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018). Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal, and he has not demonstrated a likelihood of imminent irreparable harm. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."). Plaintiff has been able to make numerous filings and motions in this lawsuit, and his claims have not yet survived screening. Therefore, the Court denies Plaintiff's requests for a

preliminary injunction or protective order without prejudice.  He may renew these requests if his claims survive initial review.

Regarding Plaintiff's motions to amend his claims and add parties, *see, e.g.,* (Docs. 21, 27, and 38), the Court grants these motions in part and will allow Plaintiff to file a single amended complaint.  He must include all claims and parties in that single amended complaint, as set forth below.

## II.     Review of Plaintiff's Claims

### A.  Intent to File Case in State Court

As an initial matter, it is not clear whether Plaintiff intended to file this action in this Court, or if he intended to file in state court.  In both the Complaint and Amended Complaint, Plaintiff marked out the name of this Court in the case caption and wrote: "In The Fifth Judicial District Court, Lea County."  (Docs. 1 and 5).  If Plaintiff intended to file in state court, he may file a complaint in that court at the following address:

> Fifth Judicial District Court
> Lea County
> 100 N. Love St., Box 1A
> Lovington, NM, 88260

### B.  Standards Governing Initial Review of Prisoner Complaints

To the extent Plaintiff intends to pursue federal claims, under the Prison Reform Litigation Act (PLRA) federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer.  *See* 28 U.S.C. § 1915A(a).  The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b)(1).  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to the plaintiff.  *Id.* at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  *Id.* at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.* Nevertheless, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id.*  Under these standards, Plaintiff's Amended Complaint does not survive initial review for the reasons set forth below.

### C.  Fed. R. Civ. P. 8

The Amended Complaint consists of handwritten narratives discussing numerous claims and defendants throughout, and generally appears to raise claims regarding retaliation, problems

5

with the prison grievance process, denial of medical care, and denial of access to the courts.  *See* (Doc. 5).  Plaintiff has also filed multiple Letters, Notices, and Motions to Amend, amounting to over 150 pages of additional allegations, defendants, and narratives.  *See* (Docs. 18, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 35, 38, and 39).  It appears Plaintiff seeks to add claims relating to his prison placement and additional medical and retaliation claims.  *See, e.g.,* (Docs. 27, 28, 31, 32, 33, and 35).

Plaintiff's pleadings do not comply with Fed. R. Civ. P. 8, which requires a short and plain statement of the grounds for relief.  "It is not the role of either the court or the defendant to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).  Moreover, plaintiffs are not permitted to file "kitchen-sink" or "shotgun" pleadings, which "bring[] every conceivable claim against every conceivable defendant."  *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").  Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support."  *D.J. Young*, 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink").

Here, Plaintiff's filings present claims in a narrative form where Plaintiff discusses numerous Defendants and constitutional and statutory violations throughout each claim.  Plaintiff

does not clarify which cause of action is asserted against which Defendant, or what each Defendant did that constitutes a violation of each asserted claim. Accepting Plaintiff's piecemeal pleadings would force the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." *McNamara*, 570 Fed. App'x at 743. This would be particularly difficult here, as Plaintiff's legal theories and factual allegations are intermingled with his arguments seeking relief. The piecemeal pleadings also impede the screening function under 28 U.S.C. § 1915A because the Court cannot discern which claims Plaintiff seeks to pursue against which Defendants, or whether specific claims against specific Defendants have merit.

**D. 42 U.S.C. § 1983**

To the extent some claims are discernable, Plaintiff also fails to state a claim under 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. In addition, "a successful § 1983 complaint must make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Plaintiff does not specify how each Defendant was involved in the alleged wrongdoing, which does not provide fair notice of the basis of the claims against each Defendant. *See Baker v. City of Loveland*, 2017 WL 1485006, *1 (10th Cir. April 26, 2017) (A complaint is inadequate if it "lacks clarity about what each defendant allegedly did to incur liability."); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active voice yet undifferentiated contention that 'defendants' infringed his rights."). Plaintiff also appears to bring claims against certain parties based solely on supervisory status. "[A] defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty*, 523 F.3d at 1162. Consequently, Plaintiff's claims against any Defendant solely in their supervisory capacity, such as affirmance of prison grievances or classification decisions, or bald assertions that a Defendant "allowed" or "approved" of an action by a subordinate, are not sufficient to show the Defendant's personal participation in the challenged acts. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (to plead supervisor's liability, plaintiff must show he or she personally directed alleged offensive conduct or knew plaintiff's rights were being violated but did not prevent it).

To the extent Plaintiff brings claims regarding the New Mexico Corrections Department (NMCD) grievance procedures, alleged violations of prison regulations are not cognizable under § 1983. *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002); *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (prison regulations and administrative policies are not intended "to confer rights on inmates"); *Anderson v. Colo. Dep't of Corr.*, 185 F.3d 873, * 2 (10th Cir. 1999) (prisoner's §

1983 "allegations relating to the requirements of the Department of Corrections grievance procedure do not support a due process claim because those procedures do not create any liberty interest in the incarcerated petitioner"); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). Plaintiff therefore cannot maintain a constitutional claim for NMCD mishandling their grievance procedures.

### III.    Plaintiff May File an Amended Complaint

Consistent with these authorities, the Court will dismiss the Amended Complaint (Doc. 5) without prejudice for failure to conform to Rule 8(a) and for failure to state a cognizable claim under Rule 12(b)(6). The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff may file a single amended complaint on the proper form § 1983 complaint within thirty (30) days of entry of this Order. The amendment must contain all claims and list all Defendants that Plaintiff seeks to include in this case, and it must not exceed 27 pages in length. It must also contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). The amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins*, 519 F.3d at 1249-50 (emphasis in original). Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask,* 446 F.3d at 1046. "Collective allegations" regarding the alleged wrongdoing will not meet this standard. *Id.* Plaintiff is further reminded that if he wishes to name an entity or a prison supervisor, such defendants

cannot be liable under § 1983 for the actions of their employees.  *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).   The allegations must show the entity or prison supervisor is responsible for a policy or custom that caused the constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996); *Brown v. Montoya,* 662 F.3d 1152, 1164-65 (10th Cir. 2011).

Plaintiff is also instructed that, to state a retaliation claim against a government official, he must prove three elements: (1) the plaintiff was engaged in constitutionally protected activity; (2) the defendant responded by causing an injury that "would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's constitutionally protected activity.  *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007); *Rhodes v. Shannon*, 2024 WL 79964, at *3 (10th Cir. Jan. 8, 2024).  To show "substantial motivation," Plaintiff must "allege *specific* facts that, if credited, establish that 'but for' the defendant's improper retaliatory motive 'the incidents to which [Plaintiff] refers ... would not have taken place.'"  *Allen v. Avance*, 491 Fed. Appx. 1, 6 (10th Cir. 2012) (unpublished) (quoting *Peterson v. Shanks*, 149 F.3d at 1140, 1144 (10th Cir. 1998)); *Gallagher*, 587 F.3d at 1069 (The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (Plaintiff "must allege more than his personal belief that he is the victim of retaliation.").

To the extent Plaintiff intends to bring an Eighth Amendment claim, such claims require a showing that each defendant "knows of and disregards an excessive risk to inmate … safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk

of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of failure to protect cases, prison officials must be aware of specific facts that the attacker could be dangerous. *See, e.g., Miles v. Conrad*, 805 Fed. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Gray v. Sorrels*, 744 Fed. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent).

Plaintiff is finally advised that any amendment will supersede the Amended Complaint and must include all federal and state claims he wishes to pursue in this case. If Plaintiff fails to timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motions seeking relief relating to the initial partial filing fee, (**Docs. 19, 20, 22, 38,** and **41**), are **DENIED as moot**;

2. Plaintiff's Motions seeking discovery and depositions, appointment of counsel, injunctive relief, and to add claims and Defendants, (**Docs. 21, 23, 24, 27, 30, 32, 33,** and **39**), are **GRANTED in part** and **DENIED without prejudice in part**, as set forth above;

3. Plaintiff's Amended Prisoner's Civil Rights Complaint (**Doc. 5**) is **DISMISSED without prejudice**; and

11

4.  Plaintiff is granted leave to file a second amended complaint within thirty (30) days of the entry of this Memorandum Opinion and Order.


_____
SENIOR UNITED STATES DISTRICT JUDGE